Dear John Nance,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
Pursuant to 13 O.S. 1991, § 176.8(E) is a law enforcementofficer, who is executing a wiretap order under the OklahomaSecurity of Communications Act and intercepts evidence of aplanned or completed crime, other than those enumerated in 13O.S. 1991, § 176.7[13-176.7], prohibited from using or disclosing thatinformation of the other crime to another law enforcement agencyfor action?
¶ 1 The Oklahoma Security of Communications Act (the "Act") was enacted by the legislature in 1982. See 13 O.S. 1991 Supp.2000, §§ 176.1-176.14. This legislation included the repeal of21 O.S. Supp. 1981, § 1757[21-1757] (repealed 1982), which made wiretapping unlawful in Oklahoma. See 1982 Okla. Sess. Laws ch. 343; see also Frick v. State 634 P.2d 738, 740 (Okla.Crim. 1981). Although more restrictive, Oklahoma's law is closely modeled after Title III of the Omnibus Crime Control and Safe Streets Act, enacted by Congress in 1968. See18 U.S.C. §§ 2510-2522 (1986 and Supp. 2000).
¶ 2 Statutes which allow interception of communications are limited by an individual's reasonable expectation of privacy within the meaning of the Fourth Amendment prohibition against unreasonable search and seizure. See Katz v. United States,389 U.S. 347, 350-59 (1967). Both the federal and state laws include safeguards which require that the judicial order approving interception shall not only describe the type of communication for which interception has been sought, but also specify a statement of the particular offense to which that communication relates. See 18 U.S.C. § 2518(4)(c) (1998); 13O.S. 1991, § 176.9[13-176.9](D)(3).
¶ 3 However, both the federal and Oklahoma statutes contain exceptions providing for use and disclosure of communications which are intercepted incidentally and are unrelated to the specified offense, designated "plain view" interceptions. The federal law allows investigative or law enforcement officers to use or disclose information relating to offenses other than those specified in the order so long as such use or disclosure is appropriate to the proper performance of the official duties of the officer who is using, making or receiving the disclosure of information. See 18 U.S.C. § 2517(5) (1986).[1]
¶ 4 In contrast, the use or disclosure of the contents of a wiretap authorized by the Oklahoma Act is strictly limited to communications relating to offenses for which an order orauthorization could have been secured:
 When a law enforcement officer, while engaged in intercepting wire, oral or electronic communications in an authorized manner, intercepts wire, oral or electronic communications relating to offenses for which an order or authorization could have been secured, other than those specified in the order of authorization, the contents thereof and evidence derived therefrom may be disclosed or used as provided in this section. Such contents and any evidence derived therefrom may be used when authorized by a judge of competent jurisdiction when such judge finds on subsequent application that the contents were otherwise intercepted in accordance with the provisions of the Security of Communications Act. Such application shall be made as soon as practicable.
13 O.S. 1991, § 176.8[13-176.8](E) (emphasis added).
¶ 5 The offenses for which an order can be obtained pursuant to the Act are limited to (1) murder, (2) cultivation, manufacture or distribution of narcotic drugs or other controlled dangerous substances as defined in the Uniform Controlled Dangerous Substances Act,[2] (3) trafficking in illegal drugs, as defined in the Trafficking in Illegal Drugs Act,[3] and (4) any conspiracy to commit the crimes enumerated. See 13 O.S.1991, § 176.7[13-176.7]. The federal law includes a much more extensive list of crimes for which an order may be authorized.[4]
¶ 6 To the extent these statutes allow the use or disclosure of plain view interceptions a balancing is reflected on the part of state and federal lawmakers between the right to privacy versus public policy which promotes effective control of crime. This latter concern is that where a law enforcement officer is lawfully engaged in a search for evidence of one crime and inadvertently comes upon evidence of another crime, the public interest militates against a requirement to ignore what is in plain view. See Robert A. Morse, J.D., Annotation, Propriety,Under 18 USCS § 2517(5), of Interception or Use of CommunicationsRelating to Federal Offenses Which Were Not Specified in OriginalWiretap Order, 103 A.L.R. Fed. 422, 431 (1991). For example, under federal law the use or disclosure of information unrelated to the offense for which the order was authorized could be used for probable cause to obtain an arrest warrant for the unrelated crime. See United States v. Licavoli, 456 F. Supp. 960, 965-66
(N.D. Ohio 1978).
¶ 7 While a state law may not be less restrictive than the federal act, it may be more restrictive and therefore more protective of individual privacy. See United States v. Marion,535 F.2d 697, 702-06 (2d Cir. 1976). Oklahoma's restrictive approach to use and disclosure of information relating to other crimes would preclude law enforcement officers from using or disclosing plain view interceptions relating to violent crimes such as assault and battery with a dangerous weapon, kidnaping, burglary, armed robbery, child abuse, rape, arson, sabotage, rioting, or extortion. For example, Oklahoma law provides criminal penalties for any person who knowingly and willfully fails to report evidence of child abuse. See 10 O.S. Supp. 1999,§ 7103[10-7103](C). However, if a law enforcement officer intercepts electronic communications related to child abuse, an offense not enumerated in the Act, there is no authorization to use or disclose the information, even if appropriate to the proper performance of the official duties of the officer.
¶ 8 It is, therefore, the official Opinion of the AttorneyGeneral that:
 Based upon the restrictive language of the Oklahoma statute, alaw enforcement officer who is executing a wiretap order underthe Oklahoma Security of Communications Act and interceptsevidence of crime, other than those enumerated in 13 O.S. 1991,§ 176.7[13-176.7], is prohibited from using or disclosing thatinformation, even if such disclosure is appropriate to the properperformance of the official duties of the officer making orreceiving the disclosure.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
ANNETTE PRINCE ASSISTANT ATTORNEY GENERAL
[1] When an investigative or law enforcement officer, while engaged in intercepting wire, oral, or electronic communications in the manner authorized herein, intercepts wire, oral, or electronic communications relating to offenses other than those specified in the order of authorization or approval, the contents thereof, and evidence derived therefrom, may be disclosed or used as provided in subsections (1) and (2) of this section. Such contents and any evidence derived therefrom may be used under subsection (3) of this section when authorized or approved by a judge of competent jurisdiction where such judge finds on subsequent application that the contents were otherwise intercepted in accordance with the provisions of this chapter [18 U.S.C. §§ 2510-2522 (1986 and Supp. 2000)]. Such application shall be made as soon as practicable. 18 U.S.C. § 2517(5) (1986).
[2] 63 O.S. 1991 and Supp. 1999, §§ 2-101-2-608.
[3] 63 O.S. 1991 and Supp. 1999, §§ 2-414-2-420.
[4] The list includes, but is not limited to, murder, kidnaping, robbery, extortion, bribery of public officials, racketeering, money laundering, sexual exploitation of children, obscenity, and counterfeiting. See 18 U.S.C. § 2516(1) (1998).